AUDITOR GENERAL *v.* TAWAS BEACH ASSOCIATION.

1. SCHOOLS AND SCHOOL DISTRICTS — TAXATION — FAILURE OF DIRECTOR TO WRITE UP MINUTES OF ANNUAL MEETING NOT FATAL TO TAX VOTED THEREAT.

   Where the voters at an annual district school meeting voted a tax, the fact that the school director failed to write up the minutes in his record book from his rough memoranda until after the tax had been duly reported to the township clerk by the school board and the warrant for its collection placed in the hands of the township treasurer did not invalidate it under 1 Comp. Laws 1915, § 4098, and 2 Comp. Laws 1915, § 5677.[1]

2. SAME—EVIDENCE—REPORT OF SCHOOL BOARD EVIDENCE OF TAX —BURDEN OF PROOF.

   The report of the school board to the township clerk is evidence of the tax voted, authorized its levy, and, if true, the tax cannot be held void; the burden of show-

———
[1]Schools and School Districts, 35 Cyc. p. 1014 (1926 Anno).

ing said report to be untrue resting upon one objecting to the tax.[2]

Appeal from Iosco; Widdis (Albert), J.   Submitted October 9, 1924.   (Docket No. 42.)   Decided December 31, 1924.

Petition by Oramel B. Fuller, auditor general, for the sale of land delinquent for taxes.   Objections were filed by the Tawas Beach Association.   From a decree for plaintiff, defendant appeals.   Affirmed.

*John A. Stewart,* for plaintiff.

*Nicholas C. Hartingh,* for defendant.

WIEST, J.   Defendant filed objections to the petition of the auditor general asking for a decree to sell its lands for a tax thereon, delinquent for the year 1921.   In the circuit decree for sale was entered and defendant appealed.   The tax amounts to about $1,000 and purports to have been voted at the annual school meeting in school district No. 2, Baldwin township, Iosco county, in July, 1921.   The defense centers upon the allegation that in January, 1922, there existed no record in the book of the school director showing the tax had been voted, beyond a rough pencil memoranda folded in the book.

The school director took rough minutes at the annual school meeting, and later his wife at her convenience wrote up the record and signed her husband's name thereto by his direction, but this was not done until after the tax had been spread and the warrant for collection was in the hands of the township treasurer.   The tax was duly reported to the township clerk by the school district officers.   The record shows the annual school meeting was held, upon notice given, and the tax was voted.   Does the failure of the

[2]Schools and School Districts, 35 Cyc. p. 1033.

district director to enter the record of .the meeting until after the tax was spread invalidate the tax?

We think the action of the voters at the annual meeting controls, rather than the failure of the recording officer to promptly enter permanent record of such action. The recording officer could not defeat such action by failure to reduce the minutes to form and enter the same of record. While the school law requires the keeping of records in a book, the tax law, recognizing the possibility of just what happened here, and the imperative need of tax collections, provides:

\* \* \* "The absence of any record of any proceeding or proceedings, or the omission of any mention in any record of any vote or proceeding, or of mention of any matter in any statement or certificate that should appear therein under the provisions of any law of this State, shall not affect the validity of any proceeding, tax, or title depending thereon, provided the fact that such vote or proceeding was had or tax authorized is shown by any other record, statement or certificate made evidence by the terms of this act or any other law of this State. \* \* \* Where any statement, certificate, or record is required to be made or signed by a school district board or a township board, such statement, certificate or record may be made and signed by the members of such boards, or a majority thereof, and it shall not be necessary that other members be present when each signed the same." \* \* \* 1 Comp. Laws 1915, § 4098.

While the tax is based upon action taken by the voters at the annual school meeting, the record to be kept by the director of the school district is not necessarily the evidence upon which proceedings to spread and collect the tax rest. The report by the district school board to the township clerk, required by law, constituted evidence of the facts therein stated and authorized the levy of the tax. 2 Comp. Laws 1915, § 5677, provides:

"The district board, or board of education, shall, between the second Monday in July and the first Monday in August in each year, make out and deliver to the township clerk of each township in which any part of the district is situated, a report in writing under their hands of all taxes voted by the district during the preceding year, and of all taxes which said board is authorized to impose, to be levied on the taxable property of the district."

The director is the keeper of the records, the district board makes the necessary report of the voting of the tax, and this report is the authority for assessing and collecting officers, and the tax so reported cannot be held void if such report is true in fact. The burden of showing such report untrue in fact rests upon one objecting to the tax. The annual school meeting was held, the tax was voted, the district school officers reported the tax to the township clerk, the clerk reported the tax to the board of supervisors and that board ordered the tax spread and collected. Such steps, required by law and in fact taken, cannot be invalidated by failure of the school director to enter in the record book in his office the minutes of the school meeting, until after the tax was spread.

The decree entered in the circuit is affirmed, with costs against defendant.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.